IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTOPHER A. WHORTON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-06035-CV-W-ODS-P |
| ) | Crim. No. 04-06023-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF
APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court also declines to issue a Certificate of Appealability.

I. BACKGROUND

Movant was charged with enticing or attempting to entice a minor to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2422(b). The second count of the Indictment sought the forfeiture of Movant's computer equipment, which was used during the crime. On April 22, 2005, Movant changed his plea to guilty. During the Rule 11 hearing, Movant testified his attorney had done everything he asked her to do and had not done anything he told her not to do. Plea Tr. at 10. Movant also confirmed that between June 22 and June 29, 2004, he conducted conversations via computer with a person identified as "Jennifer_from_KC" who identified herself as a fourteen year old girl. Movant was twenty-one years old at the time. Movant also admitted that he suggested to "Jennifer" that they engage in various sexual acts, he made arrangements to meet her, and he went to the address "Jennifer" identified as her home. He was arrested as he knocked on the door at that address. Plea Tr. at 17-18. In reality,

"Jennifer" was a Detective from the Platte County Sheriff's Department posing as an underage female.

On September 6, 2005, Movant – through counsel – filed a Motion to Withdraw Guilty Plea. Movant argued he was innocent of the crime because the person with whom he conversed was not an underage female and section 2422(b) criminalized his conduct only if he conversed with an actual underage female. The Court waited until the Court of Appeals decided United States v. Helder, 452 F.3d 751 (8th Cir. 2006), then denied the motion based on the decision in that case. On September 8, 2006, Movant was sentenced to sixty months imprisonment to be followed by ten years of supervised release. A direct appeal was not filed.

## II. DISCUSSION

Movant advances ten claims for relief, many of which are interrelated. The interrelated arguments will be addressed together.

### A. A "Real" Minor Was Not Involved
### (Grounds One, Two, Three, Four and Eight)

Movant presents several arguments that mirror those presented in his Motion to Withdraw Guilty Plea. The Government correctly contends these arguments should have been raised on direct appeal. However, rather then delve into this procedural issue, it is much simpler to observe Movant's argument has been repeatedly rejected. Helder, 452 F.3d at 753-54; see also United States v. Spurlock, No. 06-3262 (8th Cir. July 30, 2007); United States v. Hicks, 457 F.3d 838, 841 (8th Cir. 2006). Movant's argument lacks merit.

### B. Ineffective Assistance of Counsel (Grounds Five and Six)

Movant contends his attorney was ineffective for "allowing" him to plead guilty to a crime that does not exist and for not telling him he could appeal the issue. A claim of

2

Case 5:07-cv-06035-ODS   Document 16   Filed 08/27/07   Page 2 of 5

ineffective assistance of counsel is governed by the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). "This standard requires [Movant] to show that [his] 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced [his] defense.'" <u>Nave v. Delo</u>, 62 F.3d 1024, 1035 (8th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1214 (1996) (quoting <u>Lawrence v. Armontrout</u>, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," <u>Strickland</u>, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. <u>Id</u>. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Lawrence</u>, 961 F.2d at 115 (quoting <u>Strickland</u>, 466 U.S. at 694).

<u>Id</u>. Failure to satisfy both prongs is fatal to the claim. <u>Pryor v. Norris</u>, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

The Record establishes the district court's decision in *Helder* was issued after Movant plead guilty, and counsel raised the issue shortly thereafter when the Motion to Withdraw Guilty Plea was filed. Prior to that time, no court had accepted the argument Movant presents. In addition, "allowing" him to plead guilty (and obtain whatever advantages may have inured from doing so) instead of proceeding to trial with a defense that had never been accepted previously was not unreasonable. Therefore, counsel's actions did not violate <u>Strickland</u>'s performance prong, and the repeated rejection of Movant's theory demonstrates he was not prejudiced.

Movant also contends his attorney did not tell him he had a right to appeal. Critically, he does not contend he told his attorney to appeal; if he had, his attorney would have been obligated to file a Notice of Appeal on Movant's behalf. <u>Cf</u>. <u>Watson v. United States</u>, No. 06-3104 (8th Cir. July 18, 2007). The Court told Movant of his right to

3

appeal at the conclusion of the sentencing hearing, so Movant could not have been prejudiced by his attorney's alleged failure to tell him about his appeal rights.

Finally, Movant contends his attorney "refused to form a defense" but does not elaborate as to what defense was available.  Movant was satisfied with his attorney's performance at the Rule 11 hearing (as demonstrated by his responses to the Court's questions), and no defense other than the one previously addressed has been suggested.

### C.  Voluntariness of Plea (Grounds Seven and Nine)

Movant contends his plea was not voluntary and he was coerced into pleading because the Government "threatened" him with thirty years of imprisonment.  This alleged "threat" is a reference to the Government's observation that the statutory maximum punishment is thirty years of imprisonment.  Plea Tr. at 4.  This was not a "threat," but rather a required disclosure.  Fed. R. Crim. P. 11(b)(1)(H).  While the knowledge that the statutory maximum sentence was thirty years was undoubtedly a consideration for Movant, it was not an improper one.  Its disclosure did not constitute coercion.

### D.  Length of Supervised Release (Ground Ten)

Movant contends the maximum term of supervised release that could be imposed was three years.  This is an argument that should have been raised on direct appeal.  Regardless, it is devoid of merit.  18 U.S.C. § 3583(k).

### III.  CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability.  The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the

4

Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Grounds One, Two, Three, Four and Eight depend on an argument the Eighth Circuit has rejected on numerous occasions and that has not been accepted by any other Court of Appeals. Further proceedings are not necessary. Movant's claims of ineffective assistance of counsel are based largely on the aforementioned argument, so Movant has not been prejudiced. The Court advised Movant of his right to appeal, and Movant does not allege he asked his attorney to do so. Movant's claims regarding the voluntariness of his plea are belied by the transcript of the Rule 11 proceeding and are so devoid of merit that further proceedings are not warranted. Finally, Movant's argument about the length of his supervised release are contradicted by statutory language.

## IV. CONCLUSION

For these reasons, Movant's application for relief pursuant to 28 U.S.C. § 2255 is denied and a Certificate of Appealability will not be issued.

IT IS SO ORDERED.

DATE: August 27, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT